UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:14-cv-07791-CAS(BKx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | DANIEL LOPEZ v. DELBERT GORDON | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Dennis Price, II     Not Present

**Proceedings:** PLAINTIFF DANIEL LOPEZ'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES (Dkt. 39, filed October 26, 2016)

## I. INTRODUCTION

On October 8, 2014, plaintiff Daniel Lopez, a paraplegic, filed suit against defendant Delbert Gordon, owner of Magic Fingers Eat Em Up restaurant ("Restaurant"). Dkt. 1. Plaintiff alleges that the Restaurant lacks an accessible path for wheelchair users because of steps located in front of the Restaurant and that the Restaurant lacks a compliant handicap-accessible parking space available for disabled person. Id. ¶¶ 10–12. As a result, plaintiff raises four claims against defendant: (1) violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"); (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53; (3) violation of the California Disabled Persons Act ("CDPA"), Cal Civ. Code §§ 54–54.8; (4) and negligence.

On October 26, 2016, plaintiff filed a motion for attorneys' fees and litigation expenses. Dkt. 39-1. ("Motion"). On November 13, 2016, plaintiff filed a notice of non-opposition to his motion. Dkt. 43. To date, defendant has not filed an opposition to plaintiff's motion.

On November 7, 2016, plaintiff notified the Court that the parties had reached a settlement agreement. Dkt. 41. Pursuant to the settlement agreement, the Court stated that it would hear plaintiff's motion for attorneys' fees and litigation expenses. Dkt. 42.

## II. LEGAL STANDARD

Under the ADA, attorneys' fees are available to a prevailing party. 42 U.S.C. § 12205. Any person found in violation of the Unruh Civil Rights Act "is liable for . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:14-cv-07791-CAS(BKx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | DANIEL LOPEZ v. DELBERT GORDON | | |

any [attorneys'] fees that may be determined by the court . . . ." Cal. Civ. Code § 52(a). In addition, "[t]he prevailing party in [an] action [brought under the CDPA] shall be entitled to recover reasonable attorney's fees." Cal. Civ.Code § 55. Because the legislature passed the ADA in part "to ensure effective access to the judicial process for persons with civil rights grievances," recovery of attorneys' fees "is the rule rather than the exception." Jankey v. Poop Deck, 537 F.3d 1122, 1131 (9th Cir. 2008) (quotation marks omitted).

To determine reasonable attorney's fees, the starting point is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433. This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. Id. Once the fee applicant has done so, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992). All hours that are not reasonably expended, or that are excessive or redundant, should be excluded. Hensley, 461 U.S. at 434. "[T]here is a strong presumption that the lodestar represents a reasonable fee." Gates, 987 F.2d at 1397.

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)). In such cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar based on the factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69–70 (9th Cir. 1975): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. These twelve factors are not disputed here and plaintiff's attorneys do not seek a multiplier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:14-cv-07791-CAS(BKx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | DANIEL LOPEZ v. DELBERT GORDON | | |

## III. DISCUSSION

Plaintiff asserts that he was represented by seven attorneys from the Center for Disability Access who charged between $250 and $425 per hour depending on the attorney. Motion at 3. Those attorneys are: (1) Mark Potter, who billed $425 per hour, founded the Center for Disability Access, and has devoted nearly all of his practice to disability issues for more than 20 years; (2) Ray Ballister, who billed $425 per hour, has 29 years of experience overall, and has focused exclusively on disability cases for the past nine years; (3) Phyl Grace, who billed $350 per hour, has 20 years of experience, and has focused exclusively on disability access litigation for the last nine years; (4) Christina Carson (née Sosa), who billed $250 per hour and graduated in the top ten percent of her class at California Western School of Law in 2011; (5) Isabel Masanque, who billed $250 per hour and graduated cum laude in 2012 from California Western School of Law; (6) Teresa Allen, who billed $250 per hour, has seven years of experience and has worked exclusively on disability civil rights matters for the last two years; and (7) Sara Gunderson, who billed $250 per hour and graduated from California Western School of Law. Id. at 3–6. Plaintiff submits fee statements from only five attorneys: Potter billed 25 hours, Ballister 4.1 hours, Grace 10.5 hours, and Gunderson 2.1 hours. Dkt. 39-3. In addition, plaintiff's fee statement includes Dennis Price, who billed 6.5 hours. Id. While Price is not mentioned in plaintiff's motion or supporting declarations, Price appeared at oral argument and described his work on the matter and his qualifications. Overall, plaintiff asserts that his attorneys expended 38 hours to date, and estimates they will expend another ten hours in order to deal with defendant's opposition brief, drafting a reply, and attendance at oral argument. Motion at 9.

After reviewing awards in similar cases, the Court concludes that the hourly rates plaintiff's counsel seeks are reasonable for this case.

Plaintiff's attorneys provided detailed time sheets indicating that they will spend a total of 48.2 hours prosecuting this action. See dkt. 39-3. The requested attorneys' fees break down as follows:

| Attorney | Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Mark Potter | $425.00 | 25 | $10,625.00 |
| Ray Ballister | $425.00 | 4.1 | $1,742.50 |
| Phyl Grace | $350.00 | 10.5 | $3,675.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:14-cv-07791-CAS(BKx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | DANIEL LOPEZ v. DELBERT GORDON | | |

| | | | |
|---|---|---|---|
| Dennis Price | $250.00[1] | 6.5 | $1,625 |
| Sara Gunderson | $250.00 | 2.1 | $525.00 |
| | **TOTAL** | 48.2 | $11.842.50 |

    For the most part, the Court finds that the hours billed were reasonably expended on the litigation. The Court, however, reduces the hours billed by 11.4 hours for two reasons.

    First, the Court reduces Potter's time entry from 25 to 16 hours to reflect the fact that no time was spent dealing with defendant's opposition or drafting a reply, because defendant did not file an opposition to plaintiff's motion.

    Second, the Court has identified areas that indicate overbilling or duplication of work. Therefore, the Court deducts: (a) 0.6 hours for three of the four 0.2 hour entries that Potter billed for "instructed assistant to follow up with defense counsel re mediator selection;" (b) 0.2 hours for one of the two 0.2 hour entries that Potter billed for "instructed staff to follow up with defense counsel re available dates for mediation;" (c) one hour for five of the six 0.2 hour entries that Grace entered for "instructed assistant to contact defense counsel to schedule rule 26 conference;" (d) 0.4 hours for two of the three 0.2 hour entries that Grace entered for "instructed assistant to follow up with defense counsel re set k;" and (e) 0.2 hours for one of the two 0.2 hour entries that Grace entered for "instructed assistant to follow up with defense counsel re notice of settlement."[2]

    Based on the above reasoning, the Court calculates the lodestar as follows:

| Attorney | Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Mark Potter | $425.00 | 15.2 | $6,460.00 |
| Ray Ballister | $425.00 | 4.1 | $1,742.50 |
| Phyl Grace | $350.00 | 8.9 | $3,115.00 |
| Dennis Price | $250.00 | 6.5 | $1,560.00 |

---

    [1] Estimated based on the hours and amount billed by Price.

    [2] At oral argument, Price, appearing on plaintiff's behalf, was unable to explain these duplicative entries because they had been recorded by other attorneys who worked on this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:14-cv-07791-CAS(BKx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | DANIEL LOPEZ v. DELBERT GORDON | | |

| Sara Gunderson | $250.00 | 2.1 | $525.00 |
|---|---|---|---|
| | **TOTAL** | 36.8 | $13,402.50 |

Accordingly, the Court awards attorneys' fees in the amount of $13,402.50.

Plaintiff also seeks recovery of $820 for litigation costs, including the service cost ($20), the filing fee ($400), and the services of an investigator ($400). The Court concludes that such costs were reasonably incurred and properly recoverable. Accordingly, the Court awards costs in the amount of $820.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** plaintiff's motion for attorneys' fees and costs. Plaintiff is entitled to $13,402.50 in attorneys' fees and $820 in costs from defendant, for a total award of $14,222.50. Defendant shall have **forty-five (45) days** to comply with this order.

IT IS SO ORDERED.

|  |  | 00 | : | 06 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |